```
           IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

             MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


DLH PROPERTIES, LLC and   )
DLH CARRINGTON PARK, LLC, )
                          )
    Plaintiffs,           )
                          )        CIVIL ACTION NO.
    v.                    )         2:23cv106-MHT
                          )              (WO)
ARCH SPECIALTY INSURANCE  )
COMPANY,                  )
                          )
    Defendant.            )
```

                              **ORDER**

The allegations of the complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332(a). The complaint must also show that the

$ 75,000 amount-in-controversy requirement for diversity jurisdiction is met. *Id*.

The complaint here is insufficient for mulitple reasons. First, the complaint does not properly indicate the citizenship of the plaintiff limited liability companies DLH Properties, LLC and DLH Carrington Park, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). A complaint "must list the citizenships of all the members of the limited liability company" in order to plead diversity jurisdiction sufficiently. *Id*. (And if the entity consists of several entities, the complaint must plead the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

Second, the complaint arguably does not properly assert the citizenship of the defendant corporation,

2

Arch Specialty Insurance Company.  "[]A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The complaint does list the defendant's principal place of business but does not list the States where it is incorporated.  Instead, the complaint says that the corporation is "domiciled in the State of Missouri." Complaint (Doc. 1) at 2.  While the court could presume from the assertion of "domicile" that the defendant is incorporated only in Missouri, without a clear allegation as to the State(s) of incorporation, the court could not be sure of the corporation's citizenship.  Thus, the complaint should clearly list the State(s) in which the corporation is incorporated, so that the court can make its own determination as to whether jurisdiction exists.

  Finally, the complaint asserts that the amount in

controversy is over $ 75,000 but contains no underlying facts about the damage incurred by the insured that would allow the court to assess whether that assertion is plausible and was made in good faith.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014); *see also Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001) ("A conclusory allegation ... that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until March 27, 2023 to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 14th day of March, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE